UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GENE CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:04CV1454 HEA |
| | ) | |
| SHERRY BUHLER, (SA), | ) | |
| RACHEL WORWRICK, (SA), | ) | |
| LARRY MAJORS, (SA), | ) | |
| STEVE HOLLINGER, (SA), | ) | |
| ALAN BLAKE, C.O.O., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction

Per F.R.C.P., [Doc. #20], and Motion for Temporary Restraining Order, [Doc. # 21].

Defendants have not responded to the motions.

## Facts and Background

*Pro se* Plaintiff, William Gene Carter, is an inmate at the Missouri Sexual

Offender Treatment Center (MSOTC) in Farmington, Missouri. Pursuant to 42 U.S.C.

§§ 1981 and 1983, Plaintiff filed this cause of action against the above-named

Defendants, who are correctional employees at MSOTC, claiming Defendants deprived

Plaintiff of his constitutional rights while acting under color of law. Plaintiff claims

Defendants subjected him to "shocking bad treatment" including "physical abuse, sexual abuse, verbal abuse, mental abuse, mental anguish, mental harassment, [and] cruel and unusual punishment."

Plaintiff now claims Defendants are retaliating against him "because of the medical malpractice claim" and are attempting to forcefully "medicate Plaintiff with life threating [sic] psychotropic drugs." Plaintiff also claims Defendants have taken his writing instrument, are withholding his legal mail, and that these injuries are "life threating [sic]." Plaintiff now seeks a Temporary Restraining Order and a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure to enjoin Defendants from forcibly medicating Plaintiff with psychotropic drugs. Plaintiff suggests that a hearing on the matter is not warranted, because "the facts are crystal clear."

## Discussion

Injunctive relief functions to "preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union #41*, 126 F.3d 1059 (8th Cir. 1997). Whether the equitable remedy of a preliminary injunction should issue depends upon four factors:

> (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant should a preliminary injunction be denied; (3) the balance between this harm and the harm that granting

the injunction will cause to the other parties litigant; and (4) the public interest.

*Taylor Corp. v. Four Seasons Greetings, LLC* 315 F.3d 1039, 1041 (8th Cir. 2003) (citing *Dataphase Sys., Inc. v. C. l. Sys., Inc.*, 640 F.2d 109, 112-14 (8th Cir. 1981) (en banc). See also, *Safety-Kleen Systems, Inc. v. Hennkens* 301 F.3d 931, 935 (8th Cir. 2002). The Court considers all of the factors and decides whether "on balance, they weigh in towards granting the injunction." *Dataphase*, 640 F.2d at 113. The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Id.*

**Irreparable Harm**

Plaintiff alleges that Defendants are retaliating against him for his "medical malpractice claim" by forcing Plaintiff to take psychotropic drugs. Plaintiff, however, has failed to present any substantive, identifiable or concrete evidence of when, how, and/or why the drugs were administered to Plaintiff and specifically by whom. Based only on the conclusory statements of Plaintiff, the Court cannot conclude that the administration of psychotropic drugs even occurred, let alone that such administration was not warranted. As such, the Court finds Plaintiff has failed to satisfy its burden of establishing irreparable harm without the issuance of the preliminary injunction.

**Likelihood of Success on the Merits, the Balance Between Irreparable Harm and the Public Interest**

Because plaintiff has failed to establish irreparable harm, there can be no balancing with the remaining factors to be considered in the determination of whether to issue a preliminary injunction. The Court, however, finds it significant to note that even assuming irreparable harm, the balance would still favor denying the preliminary injunction, since it does not appear likely that Plaintiff will succeed on the merits of his claim.

## Conclusion

Based upon the foregoing analysis, Plaintiff has failed to establish that he is entitled to a temporary restraining order or the issuance of a preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction Per F.R.C.P. 65, [Doc. #20], is denied;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order, [Doc. #21], is denied.

Dated this 10th day of August, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT