UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GENE CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:04CV1454 HEA |
| | ) |
| SHERRY BUHLER, (SA), | ) |
| RACHEL WORWRICK, (SA), | ) |
| LARRY MAJORS, (SA), | ) |
| STEVE HOLLINGER, (SA), | ) |
| ALAN BLAKE, C.O.O., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss, [#17]. Plaintiff has responded to the motion. For the reasons set forth below, Defendants' motion will be granted.

### **Facts and Background[1]**

*Pro se* Plaintiff, William Gene Carter, is an inmate at the Missouri Sexual Offender Treatment Center (MSOTC) in Farmington, Missouri. Plaintiff filed this cause of action pursuant to 42 U.S.C. §§ 1981 and 1983 against the above-named

---

[1]The recitation of facts is taken from the parties' pleadings and is set forth for the purposes of this Order only. The recitation in no way relieves the parties of any proof thereof in future proceedings.

Defendants, who are correctional employees at MSOTC. In his Complaint he claims Defendants deprived Plaintiff of his constitutional rights while acting under color of law.

In Count I of his Complaint, Plaintiff alleges that Defendants Majors and Hollinger forcefully placed Plaintiff in handcuffs and put him in a rubber cell for five days after Plaintiff made threats to another inmate at MSOTC. Plaintiff claims his eye glasses and shoes were taken from him for the duration of his solitary confinement, and that he was not given the opportunity to take a shower. Plaintiff also alleges that Defendant Blake, as a supervisor, denied Plaintiff of his rights by failing to remedy Plaintiff's situation. Count II alleges that Defendant Bulher denied Plaintiff of his rights by insisting Plaintiff address her as "C.O." Plaintiff also alleges Bulher verbally harassed him and would repeatedly "write-up" Plaintiff for various minor infractions. Count III alleges that Defendant Warwricke "took physically advantage of [him]" when Warwricke's foot touched Plaintiff's. Plaintiff claims this incident constituted "sexual assault" and "medical malpractice" and was in violation of Amendments Eight and Fourteen of the United States Constitution. Count IV alleges generally that "Defendant Blake failed to intervene" by preventing MSOTC staff members from "physically abusing Plaintiff's person." Plaintiff claims Defendant Blake is liable to Plaintiff for failing to protect Plaintiff's rights.

Plaintiff prays for special damages in the amount of $80,000 for "shocking bad treatment." Plaintiff also seeks $20,000 in attorney's fees and punitive damages for "physical abuse, sexual abuse, verbal abuse, mental abuse, mental anguish, mental harassment, [and] cruel and unusual punishment."

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants now move to dismiss Plaintiff's claim under 42 U.S.C. § 1981 for failure to state a claim upon which relief can be granted.

## Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997).

## Discussion

Defendants argue that Plaintiff cannot maintain a claim under 42 U.S.C. § 1981,

and that, therefore, any claim based upon § 1981 should be dismissed. This Court agrees. Section 1981 is limited to addressing purposeful discrimination on the basis of race in the making and enforcement of contracts. 42 U.S.C. § 1981; *Williams v. Lindenwood University,* 288 F.3d 349 (8th Cir. 2002). Nowhere in the instant Complaint does Plaintiff identify his race or make reference to the existence of any contract. As such, with regard to his claim under § 1981, Plaintiff has failed to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [#17], is granted.

Dated this 10th day of August, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE