UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GENE CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:04CV1454 HEA |
| | ) |
| SHERRY BUHLER, (SA), | ) |
| RACHEL WORWRICK, (SA), | ) |
| LARRY MAJORS, (SA), | ) |
| STEVE HOLLINGER, (SA), | ) |
| ALAN BLAKE, C.O.O., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment, [Doc. # 26]. Defendants have not responded to the motion. For the reasons set forth below, Plaintiff's motion is denied.

**Facts and Background**

*Pro se* Plaintiff, William Gene Carter, is an inmate at the Missouri Sexual Offender Treatment Center (MSOTC) in Farmington, Missouri. Pursuant to 42 U.S.C. §§ 1981 and 1983, Plaintiff filed this cause of action against the above-named Defendants, who are correctional employees at MSOTC, claiming Defendants deprived Plaintiff of his constitutional rights while acting under color of law. Plaintiff claims

Defendants subjected him to "shocking bad treatment" including "physical abuse, sexual abuse, verbal abuse, mental abuse, mental anguish, mental harassment, [and] cruel and unusual punishment."

Plaintiff now claims he is entitled to summary judgment as a matter of law and specifically states that he "relies on his pleadings to support [the] motion."

## Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a court may grant summary judgment if the information before it shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden of proof is on the moving party to set forth the basis of its motion, *Mt. Pleasant v. Associated Elec. Co-op,. Inc.,* 838 F.2d 268, 273 (8th Cir. 1988), and the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

## Discussion

Plaintiff does not set forth the basis of his motion, but merely states the general purpose of a summary judgment motion and then reiterates some of the provisions of Rule 56. Most notably, Plaintiff also claims that he may rely on his pleadings to support his motion. This is incorrect. *See generally, Celotex Corp. v. Catrett*, 477

U.S. 317 (1986). Because Plaintiff's motion contains no evidence or arguments which support the basis for entry of judgment in his favor, Plaintiff is not entitled to summary judgment as a matter of law.

**Conclusion**

Based upon the foregoing analysis, Plaintiff has failed to establish that he is entitled to summary judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, [Doc. #26], is denied;

Dated this 16th day of August, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT