UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM GENE CARTER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:04CV1454 HEA |
|  | ) |  |
| SHERRY BUHLER, (SA), | ) |  |
| RACHEL WORWRICK, (SA), | ) |  |
| LARRY MAJORS, (SA), | ) |  |
| STEVE HOLLINGER, (SA), | ) |  |
| ALAN BLAKE, C.O.O., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Recuse, [#37]. Despite Defendants' failure to respond to Plaintiff's motion, the motion has been considered on the merits. For the foregoing reasons, Plaintiff's motion is denied as moot.

In support of his demand that the undersigned judge recuse himself, Plaintiff relies on 28 U.S.C. § 455. The relevant portion of that statute states:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a).

Section 455(a) was intended to "promote public confidence in the integrity of the

judicial process." *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 859-60 (1988). Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant, since Section 455(a) sets an objective standard that does not require scienter. *Id; Moran v. Clarke,* 296 F.3d 638, 648 (8th Cir. 2002). The issue is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of the case." *Moran,* 296 F.3d at 648 (*citing In re Kansas Pub. Employees Retirement Sys.,* 85 F.3d 1353, 1358 (8th Cir. 1996). The recusal decision is committed to the sound discretion of the district court. *Id.*

In this case, Plaintiff alleges the undersigned is biased and impartial because Plaintiff's repeated requests for the appointment of counsel have been denied. An unfavorable judicial ruling, however, does not raise an inference of bias or require the trial judge's recusal. *Moran*, 296 F.3d at 648 (*citing Harris v. Missouri,* 960 F.2d 738, 740 (8th Cir. 1992). The Court's past rulings on Plaintiff's motions for appointment of counsel were based on the premise that there is no constitutional or statutory right to the appointment of counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Having considered the factual complexity of the case, the ability of Plaintiff to investigate the facts, the potential existence of conflicting testimony, the ability of Plaintiff to present his claim, and the complexity of the legal

issues involved in this case, the Court has repeatedly concluded that appointment of counsel is not warranted. *Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986). Therefore, Plaintiff's arguments with regard to this Court's appointment of counsel rulings are an insufficient basis for recusal. In any event, this Court granted Plaintiff's most recent request for appointment of counsel in its Order dated December 9, 2005. Therefore, Plaintiff's motion to recuse for this Court's denial of Plaintiff's requests for counsel is moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Recuse, [#37], is denied as moot.

Dated this 12th day of December, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT COURT